PETER W. ALFERT, SBN 83139
IAN HANSEN, SBN 255449
**HINTON ALFERT, PC**
200 Pringle Ave., Suite 450
Walnut Creek, California 94596
Telephone: (925) 279-3009
Facsimile: (925) 279-3342

TODD BOLEY, SBN 68119
ZOYA YARNYKH, SBN 258062
**LAW OFFICE OF TODD BOLEY**
2381 Mariner Square Drive, Suite 280
Alameda, CA 94501
Telephone: (510) 836-4500
Facsimile: (510) 649-5170

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIND CALLOWAY, D.C-W, a minor by and through his guardian ad litem ROSALIND CALLOWAY,<br><br>                Plaintiffs<br>        v.<br><br>OAKLAND UNIFIED SCHOOL DISTRICT, TOBINWORLD, KAMALJOT KAUR, CHAD CORBIN and DOES 1 - 30,<br><br>                Defendants. | Case No. 3:16-cv-6942<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL REQUESTED** |

COMPLAINT FOR DAMAGES

Plaintiffs ROSALIND CALLOWAY and D.C-W., a minor by and through his guardian ad litem ROSALIND CALLOWAY, allege as follows:

### I.       JURISDICTION AND VENUE

1. Jurisdiction over Plaintiffs' federal law claims is founded upon 28 U.S.C. § 1331 [federal question jurisdiction] and 28 U.S.C. § 1343(a)(3) [federal civil rights jurisdiction]. The Defendants reside in California and the incidents giving rise to this action occurred in Alameda County, California.

### II.      INTRADISTRICT ASSIGNMENT

2. This case arose in Alameda County, California and, pursuant to Rule 3-3(c) of the Local Rules of the Northern District of California, should be assigned to either the San Francisco or Oakland Division of the Northern District.

### III. PARTIES

3. Plaintiff ROSALIND CALLOWAY (hereinafter "CALLOWAY") is a resident of the City of Oakland, County of Alameda, California. She brings this action on her own behalf and as guardian for her grandson, D.C-W.

4. Plaintiff D.C-W. is a minor and a resident of the City of Oakland, County of Alameda, California.

5. Defendant Oakland Unified School District ("OUSD") is a public entity duly incorporated and operating under California law as a school district. OUSD is a public entity subject to Title II of the Americans with Disabilities Act of 1990, the requirements of the Rehabilitation Act of 1973, the requirements of California state law requiring full and equal access to public facilities pursuant to Government Code §§ 11135 and 4450, et seq., and to all other legal requirements referred to in this Complaint.

6. In enacting Title II of the Americans with Disabilities Act, Congress validly abrogated state sovereign immunity, and thus OUSD may be sued pursuant to Title II. *Hason v. Med.Bd. of California*, 279 F.3d 1167, 1170 (9th Cir. 2002). By accepting Federal Rehabilitation Act funds, OUSD waived its sovereign immunity under the Eleventh Amendment to claims brought pursuant to §504 of the Rehabilitation Act of 1973. *Pugliese v. Dillenberg*, 346

F.3d 937 (9th Cir. 2003).

7. Defendant Tobinworld ("TOBINWORLD") is a California non-profit corporation established in 1977, with a principal place of business at 920 East Broadway, Glendale, CA 94010.  TOBINWORLD maintains a campus located at 2330 Country Hills Drive, Suite 102, Antioch CA 94509 known as TOBINWORLD 2.  TOBINWORLD purports to provide comprehensive educational services.  All actions alleged herein by TOBINWORLD involve events occurring at TOBINWORLD 2, in Contra Costa County.

8. Defendant Kamaljot Kaur ("KAUR") is a resident of the City of Antioch, County of Contra Costa, California.  KAUR is and has been, at all relevant times, a teaching assistant of TOBINWORLD.  All actions alleged herein by KAUR were in the course and scope of her employment with TOBINWORLD.  As such, TOBINWORLD is vicariously liable for the actions of KAUR alleged herein.

9. Defendant Chad Corbin ("CORBIN") is a resident of the City of Antioch, County of Contra Costa, California.  CORBIN is and has been, at all relevant times, an administrator of TOBINWORLD.  All actions alleged herein by CORBIN were in the course and scope of his employment with TOBINWORLD.  As such, TOBINWORLD is vicariously liable for the actions of CORBIN alleged herein.

10. The true names and capacities of defendants sued as DOES 1 through 30 are unknown to Plaintiffs and Plaintiffs pray leave to amend to allege the true names and capacities when they are ascertained.  Plaintiffs are informed and believe, and thereon allege, that each of the Doe defendants was an agent, employee and/or representative of one or more of the named Defendants and was acting within the course and scope of said agency and/or employment, and as such, each Defendant is legally responsible for the actions, inactions, acts, errors, conduct and/or omissions of every other Defendant.  Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named Defendants aided, assisted, approved, acknowledged and/or ratified the wrongful acts committed by Defendants as alleged herein, and that Plaintiffs' damages, as alleged herein, were legally caused by such Defendants.

11. At all relevant times set forth herein, all Defendants acted in concert and as the agent of one another.

12. Plaintiffs have complied with the claim presentation requirements of the California Government Tort Claims Act, Cal. Gov. Code §§ 810 *et seq*.

### IV.     FACTUAL ALLEGATIONS

13. D.C-W. was born on June 25, 2006.  He has been diagnosed with multiple disabilities including Attention Deficit Hyperactivity Disorder.

14. ROSALIND CALLOWAY is D.C-W.'s grandmother and legal guardian.  During all relevant times herein, D.C-W. lived with ROSALIND CALLOWAY.

15. Because of his disabilities, D.C-W. has received special education services selected by, paid for and coordinated through the Oakland Unified School District ("OUSD").

16. On or about April 9, 2013, D.C-W. began as a special education student assigned by OUSD to TOBINWORLD.  Specifically, D.C-W. was assigned to the TOBINWORLD 2 location on Country Hills Drive in Antioch, CA.

17. Plaintiffs are informed and believe and thereon allege that OUSD placed D.C-W. in TOBINWORLD due to his disabilities.

18. Plaintiffs are informed and believe and thereon allege that but for D.C-W.'s disabilities, D.C-W. would have been placed by OUSD at another school within the District.

19. D.C-W. began TOBINWORLD as a 1st grade student.  Prior to enrolling in TOBINWORLD, he had never been physically restrained at school.

20. At TOBINWORLD, D.C-W. and other special needs students in his classroom were subjected to ongoing physical and psychological abuse by the TOBINWORLD staff, including but not limited to KAUR and CORBIN.

21. During the period D.C-W. attended TOBINWORLD, between April, 2013 to January, 2016, D.C-W. was subjected to multiple improper and excessive restraints by TOBINWORLD staff who were untrained and/or inadequately trained.

22. Over a period of at least several months, D.C-W. received regular beatings committed by or in the presence of KAUR and CORBIN.  He also observed other students being physically

- 3 -

COMPLAINT FOR DAMAGES

and verbally abused.

23. On January 6, 2016, a video appeared on social media depicting TOBINWORLD staff KAUR assaulting D.C-W. at TOBINWORLD on or about January 5, 2016 while CORBIN and another unidentified male held D.C-W. suspended in the air by his legs and arms. While D.C.-W is held, KAUR strikes D.C-W. in the face. The video shows KAUR grab D.C.-W by his face, force him to the ground and climb on top of him while he struggles to escape. The video also shows KAUR grab D.C-W. by the back of his neck as he sits in his desk and push him down by his head and neck forcing his head between his legs.

24. At no time during the video does D.C-W. act in a threatening manner; indeed, he appears frightened and helpless. The video shows that other students and staff in the room laugh as they are observing KAUR's attack on D.C-W..

25. Based upon the assault of D.C-W. at TOBINWORLD, the Antioch Police Department ("APD") arrested KAUR and CORBIN. The Contra Costa District Attorney filed criminal charges against KAUR and CORBIN in connection with the assault on D.C.-W..

26. As a result of his attendance at TOBINWORLD, D.C-W. suffered severe setbacks. He began to exhibit involuntary urination, suffered frequent nightmares, and became easily agitated and fearful.

27. Prior to viewing the video footage of the assaults on D.C-W. by TOBINWORLD staff on or around the afternoon of January 6, 2016, Ms. CALLOWAY was unaware that her grandson was being subjected to abuse and/or neglect at TOBINWORLD or that the OUSD was aware of the abuse but failed to report it and prevent it.

28. The discovery of the abuse at TOBINWORLD has caused Ms. CALLOWAY to suffer emotional distress. The failure to advise Ms. CALLOWAY promptly gave rise to the severe emotional distress in that she has suffered a loss of trust in school officials and felt betrayed that she did not learn what her grandchild experienced at the times of the injuries when she could have responded immediately with appropriate support and care.

29. Plaintiffs are informed and believe and thereon allege that TOBINWORLD receives substantial direct and indirect federal funding assistance. TOBINWORLD's website notes

that "TOBINWORLD students are funded by public school districts through the state-reimbursed NPS funding model." NPS refers to nonpublic, nonsectarian schools that provide services to public school students with disabilities.

30. OUSD paid for D.C-W. to receive special education services at TOBINWORLD.

31. On information and belief, prior to D.C-W.'s placement at TOBINWORLD by OUSD, OUSD had placed other students with special needs at TOBINWORLD.

32. At the time OUSD placed D.C-W. at Tobinworld, OUSD made promises to CALLOWAY upon D.C-W.'s enrollment that it would keep her informed about her grandson's academic, social, and emotional progress and advise her promptly if any problems or issues occurred.

33. Plaintiffs are informed and believe and thereon allege that OUSD and TOBINWORLD repeatedly failed to inform CALLOWAY that D.C-W. had been improperly restrained without justification during school.

34. Plaintiffs are informed and believe and thereon allege that TOBINWORLD and other TOBINWORLD administrative personnel failed to provide training on how to redirect D.C-W. using the least restrictive means necessary.

35. Plaintiffs are informed and believe and thereon allege that TOBINWORLD and other TOBINWORLD administrative personnel failed to provide adequate training to teachers, aides and other staff on how to properly restrain students, including D.C-W., if no less restrictive means were possible.

36. Plaintiffs are informed and believe and thereon allege that TOBINWORLD and other TOBINWORLD administrative personnel failed to use safety protocols when restraining students, including D.C-W.

37. TOBINWORLD personnel, including KAUR and CORBIN, used improper restraint techniques known to cause harm to children, including putting intentional strain on known pressure points on the child's body.

38. Plaintiffs are informed and believe and thereon allege that TOBINWORLD and other TOBINWORLD administrative personnel, as part of their business practices, directed and coached personnel, including KAUR and CORBIN, to restrain students, including D.C-W.,

1    when other less restrictive means of redirecting behavior were available.

2    39. Plaintiffs are informed and believe and thereon allege that in order to create documentation which would ostensibly justify the use of physical force and restraint on students, including D.C-W., TOBINWORLD and other TOBINWORLD administrative personnel directed and coached personnel, including KAUR and CORBIN, to complete incident reports containing mandatory, specific and prescribed language describing that the student was "a danger to himself and others" even when this was not true.

3    40. Plaintiffs are informed and believe and thereon allege that TOBINWORLD and other TOBINWORLD administrative personnel directed and coached personnel, including KAUR and CORBIN, to record on incident reports that students, including D.C-W., were "prompted" or "redirected" to their desk or seat, when in fact students, including D.C-W., were being forcefully taken down, pinned down and improperly restrained without justification.

4    41. Plaintiffs are informed and believe and thereon allege that TOBINWORLD and other TOBINWORLD administrative personnel directed and coached personnel, including KAUR and CORBIN, to document that students, including D.C-W., were "prompted" or "redirected" "utiliz(ing) approved techniques," when in fact the techniques used were inappropriate, not the least restrictive methods possible, unsafe and caused physical and emotional harm.

5    42. Plaintiffs are informed and believe and thereon allege that TOBINWORLD personnel improperly restrained students, including D.C-W., without justification resulting in the excessive and unnecessary application of painful and injurious physical force.

6    43. Plaintiffs are informed and believe and thereon allege that TOBINWORLD personnel frequently improperly restrained students, including D.C-W., without justification for excessive periods of time.

7    44. Plaintiffs are informed and believe and thereon allege that TOBINWORLD provided inadequate restraint training to personnel and as a result they employed improper physical restraints which caused physical and emotional harm to students, including D.C-W.

45. Plaintiffs are informed and believe and thereon allege that TOBINWORLD improperly restrained students including D.C-W., without justification for excessive amounts of time, rather than using less restrictive behavioral interventions.  This agitated students, including D.C-W., thereby causing an increase in undesirable behavior and psychological harm, reducing the likelihood that the student could return to a public school placement.

46. During times D.C-W. was restrained at TOBINWORLD, he was physically, mentally and emotionally unable to participate in lessons or classroom activities, thus denied learning and access to his curriculum.

47. During times D.C-W.'s TOBINWORLD teacher(s) restrained other students in D.C-W.'s classroom or observed restraint of other students in D.C.-W.'s classroom, the teacher was not actively teaching, thus was denying D.C-W. time to learn and access his curriculum.

48. During times TOBINWORLD aides in D.C-W.'s classroom restrained other students in D.C-W.'s classroom or observed restraint of other students in M.M's classroom, the aides' activities distracted D.C-W. and interrupted his lessons or classroom activities, thus their actions denied D.C-W. learning and access to his curriculum.

49. TOBINWORLD's repeated, excessive, and unjustified restraint of D.C-W. not only physically injured D.C-W. but also scared D.C-W., distracted him, and prevented him from learning and accessing his curriculum.

50. TOBINWORLD's repeated, excessive and unjustified restraint of other students attending TOBINWORLD scared D.C-W., distracted him, and prevented him from learning and accessing his curriculum.

51. Plaintiffs are informed and believe and thereon allege that as a result of TOBINWORLD's failure to adequately train staff, failure to redirect student behavior using the least restrictive means possible, and failure to adequately supervise and terminate staff, that D.C-W.'s learning and access to curriculum was disrupted.

52. Plaintiffs are informed and believe and thereon allege that non-disabled students attending OUSD schools were not restrained frequently, excessively, and without justification as D.C-W. was at TOBINWORLD.

- 7 -
COMPLAINT FOR DAMAGES

53. Plaintiffs are informed and believe and thereon allege that non-disabled students attending OUSD schools were not forced to witness frequent, excessive or unjustified restraint of fellow students.

54. Plaintiffs are informed and believe and thereon allege that D.C-W., due to his placement by OUSD at TOBINWORLD and his attendance at and experiences at TOBINWORLD, was provided an inferior educational environment, significantly less conducive to his learning and access to curriculum than non-disabled students attending other OUSD schools.

55. While attending TOBINWORLD, D.C-W. witnessed KAUR and CORBIN and other TOBINWORLD personnel be physically rough with other children, including hitting or slapping other children, pinning other children to their desks, or throwing children onto the floor.

56. While attending TOBINWORLD, D.C-W. witnessed KAUR and CORBIN and other TOBINWORLD employees slam another child's head onto her desk in such a rough way that she had a nose bleed from the blow.

57. OUSD, TOBINWORLD and KAUR and CORBIN all had an obligation to protect the children in their care, including D.C-W.

58. OUSD, TOBINWORLD and KAUR and CORBIN were aware of D.C-W. special needs and educational needs and all owed a special duty of care to D.C-W., who was a disabled 9-year-old child entrusted to them daily to meet his educational, social, and physical and emotional needs.

59. Plaintiffs are informed and believe and thereon allege that TOBINWORLD should have disciplined KAUR and CORBIN or terminated their employment for their actions but failed to do so.

60. Plaintiffs are informed and believe and thereon allege that TOBINWORLD and TOBINWORLD employees, including but not limited to KAUR and CORBIN, failed to report instances of abuse as required under mandatory reporting laws and regulations.

61. Plaintiffs are informed and believe and thereon allege that TOBINWORLD and TOBINWORLD employees, including but not limited to KAUR and CORBIN, concealed

1  D.C-W.'s abuse from law enforcement and others.

2  62. It was foreseeable to defendants that TOBINWORLD's practices would harm plaintiffs and in fact did harm plaintiff D.C-W. physically, emotionally, psychologically and educationally and caused CALLOWAY extreme emotional upset and harm.

63. Plaintiffs are informed and believe and thereon allege that OUSD was notified on multiple occasions that D.C-W. was being restrained at TOBINWORLD.

64. OUSD had a responsibility to place D.C-W. in a safe and appropriate learning environment, free from hostility, harm, or discrimination.

65. Plaintiffs are informed and believe and thereon allege that OUSD received information from multiple sources, including parents and clinicians, that TOBINWORLD used excessive and unwarranted restraint and force against students.

66. OUSD had an obligation to protect the children it placed into TOBINWORLD's care, including D.C-W.

67. Plaintiffs are informed and believe and thereon allege that OUSD employees failed to report instances of abuse as required under mandatory reporting laws and regulations.

68. Plaintiffs are informed and believe and thereon allege that OUSD was on notice through receipt of incident reports that D.C-W. was being improperly and excessively restrained at TOBINWORLD.

69. OUSD had a mandatory duty to make a determination, prior to placing D.C-W., that the private placement complied with the requirements under Federal Law to provide D.C-W. with a free and appropriate education where he would not be treated with hostility, harmed or suffer discrimination based on his disability.

70. Prior to D.C-W.'s placement at TOBINWORLD by OUSD, OUSD had placed other students with special needs at TOBINWORLD.

71. Plaintiffs are informed and believe and thereon allege that OUSD received information from multiple sources, including but not limited to children, families, police, parents, other school districts, behaviorists and clinicians that TOBINWORLD used improper, excessive and unwarranted restraint and force against students.

COMPLAINT FOR DAMAGES

72. Plaintiffs are informed and believe and thereon allege that although OUSD received reports of students being harmed by TOBINWORLD staff, OUSD failed to protect students it had placed at TOBINWORLD, including failing to notify parents, including CALLOWAY, or removing students, including D.C-W., from TOBINWORLD.

73. OUSD had a duty to provide D.C-W. with a safe and appropriate learning environment and to advise his mother of the notification it received that special needs students were being harmed by staff at TOBINWORLD.

74. OUSD had a responsibility to place D.C-W. in a safe and appropriate learning environment and to advise his grandmother and withdraw him from TOBINWORLD upon receiving notification that other special needs students were being harmed by staff at TOBINWORLD.

75. It was foreseeable to defendants and each of them that these practices would harm plaintiffs and in fact did harm plaintiff D.C-W. physically, emotionally, psychologically and educationally and caused CALLOWAY extreme emotional upset and harm.

## V.   FIRST CLAIM FOR RELIEF
(Violation of § 504 of the Rehabilitation Act of 1973;
Plaintiff D.C.-W. vs. Defendant TOBINWORLD)

76. Plaintiffs incorporate and reallege by reference the foregoing paragraphs 1 through 75, inclusive, as if they were fully set forth herein.

77. Plaintiff is informed and believes and therefore alleges that TOBINWORLD is and has been at all relevant times the recipient of federal financial assistance, and that they are therefore subject to the provisions of 29 U.S.C. § 794 that prohibits recipients of federal financial assistance from denying equal access to its services to disabled persons.

78. By their actions or inactions in denying equal access to educational services and by subjecting Plaintiff D.C-W. to a hostile educational environment, TOBINWORLD has violated D.C-W.'s rights under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder.

79. TOBINWORLD created a hostile learning environment by repeatedly improperly and unnecessarily restraining D.C-W. during his attendance at TOBINWORLD, and for

1    restraining him for excessive periods of time.

2    80. TOBINWORLD has further created a hostile learning environment by and through the

3    actions of KAUR and CORBIN.  On or about January 5, 2016, KAUR and CORBIN'

4    subjecting D.C-W. to frequent and humiliating beatings and unjustified physical restraints.

5    81. As a result of Defendant TOBINWORLD's failure to comply with their duty under §504 of

6    the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated

7    thereunder, Plaintiff D.C-W. has suffered damages including special and general damages

8    according to proof.

**VI.   SECOND CLAIM FOR RELIEF**
**(Violation of § 504 of the Rehabilitation Act of 1973;**
**Plaintiff D.C-W. vs. Defendant OUSD)**

82. Plaintiffs incorporate and reallege by reference the foregoing paragraphs 1 through 81, inclusive, as if they were fully set forth herein.

83. Plaintiff is informed and believes and therefore alleges that OUSD is and has been at all relevant times the recipient of federal financial assistance, and that they are therefore subject to the provisions of 29 U.S.C. § 794 that prohibits recipients of federal financial assistance from denying equal access to its services to disabled persons.

84. OUSD knowingly subjected D.C.-W. to excessive restraint at TOBINWORLD based on his disabilities.

85. OUSD failed to provide D.C-W. equal access to free and appropriate education based on his disabilities by placing him at TOBINWORLD knowing that he would be subjected to a hostile educational environment because of his disabilities

86. OUSD failed to provide D.C-W. equal access to fee and appropriate education based on his disabilities by placing him at and keeping him at TOBINWORLD while knowing that TOBINWORLD provided a chaotic and inferior educational environment than that provided to non-disabled students attending other OUSD schools, and an environment significantly less conducive to D.C-W.'s learning and access to curriculum than non-disabled students attending other OUSD schools were provided by the District.

87. OUSD failed to provide D.C-W. equal access to free and appropriate education based on his

disabilities by continuing his placement at TOBINWORLD despite the knowledge that special needs students, including D.C-W., were being abused by TOBINWORLD staff.

88. As a result of Defendant OUSD's failure to comply with their duty under §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the regulations promulgated thereunder, Plaintiff D.C-W. has suffered damages including special and general damages according to proof.

## VII. THIRD CLAIM FOR RELIEF
(Discrimination in Violation of the Americans with Disabilities Act; Plaintiff D.C-W. vs. Defendant OUSD)

89. Plaintiffs incorporate and reallege by reference the foregoing paragraphs 1 through 88, inclusive, as if they were fully set forth herein.

90. Effective January 26, 1992, Plaintiff D.C-W. was entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 U.S.C. § 12131, section 201 of the ADA.

91. Pursuant to 42 U.S.C. § 12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. D.C-W. was as all relevant times herein a qualified individual with a disability as therein defined.

92. OUSD has failed in its responsibilities under Title II to provide services, programs and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that the educational services were provided on an equal basis to D.C-W., a child with disabilities, and free from hostility toward him because of his disability.

93. OUSD has further failed in its responsibilities under Title II to provide it services, programs and activities in a full and equal manner to disabled persons as described hereinabove by placing D.C-W. at TOBINWORLD and into a hostile educational environment.

94. OUSD has further failed in its responsibilities under Title II to provide services, programs and activities in a full and equal manner to disabled persons as described hereinabove by

- 12 -
COMPLAINT FOR DAMAGES

continuing D.C-W.'s placement at TOBINWORLD, knowing that D.C-W. was being improperly restrained without justification for excessive amounts of time, and subjected to a hostile educational environment.

95. As a result of Defendant OUSD's failure to comply with their duties under the ADA, and the regulations promulgated thereunder, Plaintiff D.C-W. has suffered damages including special and general damages according to proof.

## VIII.   JURY DEMAND

Plaintiffs hereby demand that this matter be tried to a jury.

## IX.   PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

1. General and special, compensatory, and/or other damages to Plaintiffs for injury, emotional distress, medical expenses, educational harm, loss of earnings;

2. Appropriate equitable relief;

3. Punitive damages against KAUR and CORBIN;

4. Attorneys' fees and costs; and

5. Such other and further relief as the court deems just and proper.

Dated: December 2, 2016                    LAW OFFICES OF TODD BOLEY


                                           By:    Todd Boley    /s/
                                                  TODD BOLEY
                                                  Attorney for Plaintiffs


Dated: December 2, 2016                    HINTON ALFERT, LP


                                           By:    Peter Alfert    /s/
                                                  PETER W. ALFERT
                                                  Attorney for Plaintiffs